IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARLA MAYFIELD BRITT,<br><br>Plaintiff,<br><br>v.<br><br>DIAMOND MATERIALS, LLC,<br><br>Defendant. | Civil Action No. 24-69-GBW |

## MEMORANDUM ORDER

Pending before the Court is Defendant Diamond Materials, LLC's ("Defendant" or "Diamond") Motion to Dismiss ("Motion") (D.I. 8), which has been fully briefed (D.I. 8; D.I. 10; D.I. 11). For the following reasons, the Court denies Defendant's Motion.

I. BACKGROUND[1]

Plaintiff Marla Mayfield Britt ("Plaintiff" or "Ms. Britt") is "a resident of Wilmington, Delaware." D.I. 5 ¶ 1. Diamond "is a public corporation organized and existing under the laws of the State of Delaware." D.I. 5 ¶ 2.

In 2003, Diamond hired Ms. Britt "as a maintenance of traffic laborer." D.I. 5 ¶ 8. In 2010, Ms. Britt "began having an off and on consensual sexual relationship with" the Maintenance of Traffic Supervisor, Ernest Ferrell ("Mr. Ferrell"). D.I. 5 ¶ 10. Mr. Ferrell was Ms. Britt's "direct supervisor." D.I. 5 ¶ 11. On or around 2020, Ms. Britt "broke off the relationship." D.I. 5 ¶ 12. Once Ms. Britt terminated the relationship, Mr. Ferrell "began taking adverse employment

---

[1] Various factual allegations from the Amended Complaint (D.I. 5) are set forth in this section and are taken as true for the purpose of resolving Defendant's Motion. In addition, the Court relies upon certain facts from documents that are incorporated into the Amended Complaint.

actions against her." D.I. 5 ¶ 13. Those adverse actions included removing Ms. Britt "off the schedule and refusing to place [Ms.] Britt on the schedule." D.I. 5 ¶ 14. In February 2022, Ms. Britt went to Chris Vogel ('Mr. Vogel'), the Paving Superintendent, to switch crews because of Mr. Ferrell's "ongoing harassment and retaliation for breaking off their relationship." D.I. 5 ¶ 15. Ms. Britt also informed CEO Paul Lester ("Mr. Lester") and Dawn Hollett ("Ms. Hollet") from human resources of Mr. Ferrell's "harassment and requested to be transferred to the paving crew." D.I. 5 ¶ 17. "Rather than remedying the issues, [Mr.] Lester immediately informed [Mr.] Ferrell of [Ms.] Britt's complaints." D.I. 5 ¶ 18.

At that time, Mr. Ferrell "began to send numerous text messages to [Ms.] Britt threatening to publish sexually explicit pictures and videos to the public." D.I. 5 ¶ 19. At that point, Ms. Britt "filed a police report." D.I. 5 ¶ 20. After filing the police report, Ms. Britt reported the threats to Mr. Lester and Ms. Hollett. D.I. 5 ¶ 21. Neither Mr. Lester nor Ms. Hollett "conducted any investigation and/or disciplined" Mr. Ferrell. D.I. 5 ¶ 22. Mr. Ferrell "made good on his threats and released sexually explicated photos of [Ms.] Britt which became known to Diamond employees." D.I. 5 ¶ 24. After transfer to a different crew, Ms. Britt "was alienated and shunned by her co-workers because of the complaints against [Mr.] Ferrell and the pictures distributed by" Mr. Ferrell. D.I. 5 ¶ 27. Ms. Britt "complained about the hostile work environment to" Mr. Vogel and Ms. Hollett on numerous occasions. D.I. 5 ¶ 28. Neither Mr. Vogel nor Ms. Hollett "took any actions to remedy the harassment." D.I. 5 ¶ 29. Instead, Mr. Lester retaliated against Ms. Britt "by continually switching her from different crews." D.I. 5 ¶ 30. "As a result of the hostile work environment and retaliation," Ms. Britt was constructively discharged on July 11, 2022. D.I. 5 ¶ 31. As a result of the harassment, Ms. Britt "suffers from emotional distress and is out of work." D.I. 5 ¶ 32.

On or about October 31, 2022, Ms. Britt filed Charges of Discrimination with the State of Delaware Department of Labor ("DOL") and the U.S. Equal Employment Opportunity Commission ("EEOC"). D.I. 5 ¶ 5. On July 13, 2023, the DOL issued its Final Determination and Right to Sue Notice ("the First Notice"), listing Defendant Diamond Materials LLC as respondent. D.I. 5-2. On October 31, 2023, the EEOC issued its Determination and Notice of Rights ("the Second Notice"), inadvertently listing Diamond Materials *Inc.* as respondent. D.I. 5-3. On or about November 13, 2023, Plaintiff received the Second Notice. D.I. 5 ¶ 7.

On January 18, 2024, Plaintiff filed a Complaint in this Court against Diamond Materials *Inc.* D.I. 1. On May 2, 2024, Plaintiff filed an Amended Complaint against Defendant, Diamond Materials, *LLC*. D.I. 5. On May 29, 2024, Defendant filed its Motion to Dismiss. D.I. 8.

## II. LEGAL STANDARD

To state a claim on which relief can be granted, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Such a claim must plausibly suggest "facts sufficient to 'draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Doe v. Princeton Univ.*, 30 F.4th 335, 342 (3d Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Klotz v. Celentano Stadtmauer & Walentowicz LLP*, 991 F.3d 458, 462 (3d Cir. 2021) (quoting *Iqbal*, 556 U.S. at 678). But the Court will "'disregard legal conclusions and recitals of the elements of a cause of action supported by mere conclusory statements.'" *Princeton Univ.*, 30 F.4th at 342 (quoting *Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016)).

In evaluating a motion to dismiss, "'[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Pinnavaia v.*

*Celotex Asbestos Settlement Tr.*, 271 F. Supp. 3d 705, 708 (D. Del. 2017) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997)), *aff'd*, 2018 U.S. App. LEXIS 38873 (3d Cir. Apr. 6, 2018). Rule 12(b)(6) requires the Court to "accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff." *Brady v. Media*, No. 23-cv-1078-GBW, 2024 U.S. Dist. LEXIS 160991, at *4 (D. Del. Sep. 6, 2024). "A motion to dismiss 'may be granted only if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief.'" *McCrone v. Acme Markets*, 561 F. App'x 169, 172 (3d Cir. 2014) (quoting *Burlington Coat Factory*, 114 F.3d at 1420). The "movant bears the burden of demonstrating that the complainant failed to state a claim upon which relief may be granted." *Abbott Diabetes Care, Inc. v. DexCom, Inc.*, No. 23-cv-239-KAJ, 2024 U.S. Dist. LEXIS 96985, at *4 (D. Del. May 31, 2024).

### III.   DISCUSSION

In its Motion to Dismiss, Defendant raises two arguments, which the Court will address in turn. *First*, Defendant contends that "Plaintiff fails to state a claim upon which relief can be granted because Plaintiff's Complaint was filed more than ninety days after the First Notice was received by Plaintiff." D.I. 8 at 3. Defendant further contends that the Second Notice is ineffective since the Second Notice lists the wrong entity, i.e., Diamond Materials Inc., as respondent. D.I. 8 at 4.

19 Del. C. § 714(b) provides: "The Delaware Right to Sue Notice shall include authorization for the charging party to bring a civil action under this chapter in Superior Court by instituting suit within 90 days of its receipt or within 90 days of receipt of a federal Right to Sue Notice, *whichever is later*." 19 Del. C. § 714(b) (emphasis added). Here, the Second Notice is the operative notice for establishing the deadline by which Plaintiff was required to file her complaint since the Second Notice from the EEOC occurred "later" than the First Notice. *See* 19 Del. C. §

4

714(b). Since Plaintiff filed the Complaint within 90 days of receipt of the Second Notice, the Complaint is timely.

Contrary to Defendant's contention (D.I. 8 at 4), that the Second Notice lists the wrong entity as respondent does not divest the date of Plaintiff's receipt of the Second Notice from establishing the deadline by which Plaintiff was required to file her Complaint in this matter for three key reasons. First, Defendant fails to discharge its burden of demonstrating, including through citation to binding legal precedent, that an inadvertent misspelling (committed by the EEOC) in the Second Notice renders the date of Plaintiff's receipt of the Second Notice ineffective for the purpose of establishing Plaintiff's deadline to file her initial complaint.

Second, neither the text of 19 Del. C. § 714(b) nor any case law of which the Court is aware compels Defendant's conclusion. While 42 U.S.C. §2000e-5(f)(1), regarding notice from the EEOC, provides that "the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge," that the EECO misspelled respondent's name in the Second Notice does not preclude Plaintiff's authorization to bring a civil action. *See In re Estiatorio Ent. Ltd.*, 669 B.R. 676, 689 n.7 (Bankr. S.D.N.Y. 2025) ("Given the clear intent in the Notice, the Court concludes that the typo does not affect the legal analysis here.").

Third, were Plaintiff to obtain from the EEOC an amended Second Notice, that amended Second Notice would be dated even later than the original Second Notice, thus reinforcing the propriety of Plaintiff filing her Complaint within 90 days of receiving the original Second Notice. Moreover, the Court is skeptical that Plaintiff should be prejudiced for an inadvertent mistake committed by the EEOC.

*Second*, Defendant contends: "In the event that this Court determines that the Second Notice does effectively name Defendant, Plaintiff still fails to state a claim upon which relief can be granted because Plaintiff did not name Defendant as a party in the Complaint, and the Amended Complaint, which does name Defendant as a party, does not relate back to the Complaint." D.I. 8 at 5-6.

Federal Rule of Civil Procedure 15(c)(1) provides: "An amendment to a pleading relates back to the date of the original pleading when: (A) the law that provides the applicable statute of limitations allows relation back; (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1).

Here, the parties agree that Rule 15(c)(1)(C) applies (*see* D.I. 8 at 7; D.I. 10 at 6) and Defendant asserts that the requirements of Rule 15(c)(1)(C) are not satisfied for two similar reasons (D.I. 8 at 8-9). First, Defendant contends that its "expectation was that the 90-day period for Plaintiff to bring a claim against Defendant would begin to run from receipt of the First Notice" and that, since Plaintiff did not bring a claim within 90 days from the receipt of the First Notice, Defendant would suffer prejudice. D.I. 8 at 8. Second, Defendant likewise contends that, "[d]ue to the fact that the Second Notice named 'Diamond Materials, Inc.' as the opposing party, and not 'Diamond Materials, LLC,' Defendant did not know, nor should it have known, that the 90-day

6

period to bring a claim against Defendant would begin on the date of Plaintiff's receipt of the Second Notice." D.I. 8 at 8-9.

However, these arguments are essentially a re-hash of the same argument above regarding whether the Second Notice is the operative notice. As the Court describes above, the Second Notice, not the First Notice, is operative and no *unfair* prejudice to Defendant results. Moreover, Defendant appears (at least in its opening brief) to conflate the timing requirements imposed by Rule 15 and 19 Del. C. § 714(b). Rule 15 requires, for example, that Defendant receive notice of the action "within the period provided by Rule 4(m) for serving the summons and complaint" and does not concern whether Plaintiff filed the action by the deadline imposed by 19 Del. C. § 714(b). The Court does not otherwise consider the arguments from Defendant raised for the first time in its reply brief. *See SC SJ Holdings, LLC v. Pillsbury Winthrop Shaw Pittman LLP (In re SC SJ Holdings, LLC)*, No. 21-10549 (JTD), 2023 U.S. Dist. LEXIS 48320, at *29 (D. Del. Mar. 22, 2023) ("The law is clear, however, that issues raised for the first time in a reply brief should not be heard." (cleaned up)).

### IV. CONCLUSION

For the foregoing reasons, the Court denies Defendant's Motion to Dismiss (D.I. 8).

\* \* \*

WHEREFORE, at Wilmington this 17th day of September 2025, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (D.I. 8) is **DENIED**.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE